708 So.2d 485 (1998)
SUCCESSION OF Thomas Neal SILBERNAGEL.
No. 96 CA 2755.
Court of Appeal of Louisiana, First Circuit.
February 20, 1998.
Bradley J. Chauvin, Metairie, for Appellant Charmaine Silbernagel, Administratrix of the Succession.
W. Keith Hurtt, New Orleans, for Appellee Patricia Silbernagel.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
FOGG, Judge.
By this action a former wife seeks to have her community interest in her former husband's Municipal Police Employees' Retirement benefits recognized. At the time of her demand, her former husband was deceased and his subsequent spouse was collecting survivor benefits from the retirement plan.
Thomas Neal Silbernagel married three times. His first wife was Wanda Dukes. On July 12, 1980, after his first marriage ended in divorce, he married the plaintiff herein, Patricia Kocur Silbernagel. Of that marriage, two children were born, Thomas, Jr. and Mary. The community property regime of Patricia Silbernagel and Thomas Silbernagel lasted 6.4438 years. After that marriage ended in divorce, Mr. Silbernagel married Charmaine Veith Silbernagel, the defendant herein. Approximately five months later, on February 1, 1991, he died. At the time of his death, Mr. Silbernagel was employed by the New Orleans Police Department. He was so employed since 1974, a total of 18.25 years, and was a member of the Municipal Police Employees' Retirement System ("MPERS") for that period of time. He was, however, ineligible to retire. Subsequently, MPERS began paying survivor benefits to Charmaine Silbernagel as the surviving spouse and to Mr. Silbernagel's surviving children, Thomas and Mary.
Several years later, the succession of Thomas Silbernagel was opened and his surviving spouse, Charmaine Silbernagel, was appointed administratrix. After the administratrix *486 filed the detailed descriptive list, Patricia Silbernagel filed a motion to traverse, asserting that the detailed descriptive list should include benefits paid by MPERS as those benefits stem from contributions made to MPERS during her marriage to the decedent.
After hearing the matter, the trial judge ordered Charmaine Silbernagel to amend the descriptive list to "reflect Patricia Kocur Silbernagel's interest of 17.65424% of the surviving spouse benefits which have been paid and are being paid by Municipal Police Employees' Retirement System." The court further ordered that MPERS pay 17.65424% of all future benefits to Patricia Silbernagel. Charmaine Silbernagel appealed that judgment.
Patricia Silbernagel answered the appeal seeking to have the judgment of the trial court amended to require MPERS to withhold benefits from Charmaine Silbernagel and pay them to Patricia Silbernagel until Patricia Silbernagel receives 17.65424% of the total surviving spouse's benefit previously paid. In her answer to the appeal, Patricia Silbernagel also asks this court to assess trial court costs and appeal costs against Charmaine Silbernagel.
The Louisiana Legislature established MPRES on July 1, 1973. The stated purpose of the system is to provide "retirement allowances and other benefits ... for municipal policemen in the state of Louisiana." LSA-R.S. 11:2211. The benefits that become payable under this plan are based on the member's highest average compensation, years of service credit, and the member's age. Therefore, MPRES is a defined benefit plan. The plan provides for two primary categories of benefits: retirement benefits and survivor benefits. The survivor benefit provisions at issue are set forth in LSA-R.S. 11:2220 B, which provides, in pertinent part, as follows:
B. Benefits shall be payable to any survivor of an active contributing member who dies before retirement or a disability retiree who dies after retirement as specified in the following:
(1)(a) If an active contributing member or a disability retiree dies and leaves a surviving spouse, the surviving spouse shall be entitled to receive a maximum survivor's benefit which shall be equivalent to the regular retirement formula, disregarding age, but not less than forty percent nor more than sixty percent of the member's average final compensation. If the surviving spouse remarries, such benefit shall cease unless remarriage occurs after age sixty years; the benefit shall resume after a subsequent termination of the new marriage and upon approval of the board of trustees. If the active contributing member is killed in the line of duty the prohibition contained in this Section shall not be applicable.
(2)(a) If an active contributing member or a disability retiree dies and leaves, in addition to a surviving spouse, one or more children under eighteen years of age, each child under age eighteen shall be paid monthly benefits equal to ten percent of the deceased member's average compensation, or two hundred dollars per month, whichever is greater. However, benefits payable on account of each child, when added to the benefits payable to the surviving spouse, shall not exceed an aggregate of one hundred percent of the deceased member's average compensation. Benefits for a surviving child shall cease upon the child's attainment of age eighteen years or upon marriage, whichever occurs first, except that benefits shall continue:
(i) For a surviving child to age twenty-three provided the child is a full-time, unmarried student at a recognized institution of higher education, high school, or vocational-technical school, and
(ii) For a surviving totally physically handicapped or mentally retarded child if such child was totally physically handicapped or mentally retarded at the time of death of the member or became so prior to the attainment of age eighteen and is dependent upon the surviving spouse or other legal guardian for subsistence.
On appeal, Charmaine Silbernagel contends the trial court erred in determining that Patricia Silbernagel is entitled to a portion of the survivor benefits paid by MPERS. The appellant asserts that surviving spouse benefits are analogous to term life insurance *487 proceeds and, therefore, are not an asset of Mr. Silbernagel's estate. This issue has been recently resolved by the Louisiana Supreme Court in the case of Johnson v. Wetherspoon, 96-0744 (La.5/20/97), 694 So.2d 203. In that case, the supreme court reviewed survivor benefit provisions of the Teacher's Retirement System of Louisiana. After analyzing the cases of Sims v. Sims, 358 So.2d 919 (La.1978) and T.L. James & Co. v. Montgomery, 332 So.2d 834 (La.1975), the court stated, "[R]ecognizing this Court's previous decisions that declined to distinguish between retirement and survivor benefits, we likewise decline to now treat the payment of retirement and survivor benefits differently.... [R]etirement and survivor benefits should be treated synonymously when determining the interest in said benefits of a former spouse in community." Wetherspoon, 694 So.2d at 205-206.
The second argument set forth by the appellant herein, that the statutory language requires that the benefits be paid only to the surviving spouse, was also rejected by the supreme court in the Wetherspoon case. Therein, the court reviewed language granting surviving spouses a benefit under LSA-R.S. 11:762(D), which states that "A surviving spouse without children shall be paid...." The court found that to construe the statutory language to exclude former spouses in community would result in an anomalous result. Wetherspoon, 694 So.2d at 207. The court determined that the legislature did not intend to create a "statutorily defined class" that would exclude a former spouse from sharing in the surviving spouse benefits. In conclusion, the supreme court stated, "we conclude that the legislature did not intend to exempt survivor benefits payable by TRSLA from the claims of a former spouse in community." Wetherspoon, 694 So.2d at 211.
The legislation governing the MPERS is substantially similar to that reviewed by the supreme court in Wetherspoon. Therefore, the supreme court's holdings in Wetherspoon are dispositive of the issues raised by the appellant herein. Under the provisions of MPRES, a former spouse in community does have a claim for survivor benefits. The trial court did not err in ordering that included in the descriptive list.
In the answer to the appeal, the appellee seeks to recover 17.65424% of all the past benefits MPRES has paid to Charmaine Silbernagel. We note, however, that MPRES is not a party to this lawsuit. Therefore, it was error for the trial court to order it to pay a percentage of the benefits to Patricia Silbernagel. For the same reason, we cannot grant the relief sought by the appellee. Rather, as beneficiary of the survivor's benefits, Charmaine Silbernagel accepted the right to receive benefits subject to the rights of Patricia Silbernagel. Therefore, Charmaine Silbernagel owes Patricia Silbernagel 17.65424% of all benefits that she has received and will receive from MPRES.
For the foregoing reasons, the judgment of the trial court is amended to delete the order that the MPERS pay 17.65424% of all future surviving spouse benefits to Patricia Silbernagel. It is further amended to reflect that judgment is rendered in favor of Patricia Silbernagel and against Charmaine Silbernagel in the sum of 17.65424% of all past and future surviving spouse benefits she has or will receive from the MPERS. The judgment is affirmed as amended. Costs on appeal, as well as trial court costs, are assessed against the appellant.
AFFIRMED, AS AMENDED.